UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

-------------------------------------------------------

JOSEPH MCGRATH, : CASE NO. 1:11-CV-2023-JG
:
      Petitioner, :
: OPINION & ORDER
v. : [Resolving Docs. No. 54, 56.]
:
BENNIE KELLY, :
:
      Respondent. :
:

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In May 2009, a jury found *pro se* Petitioner Joseph McGrath guilty of: (1) one count of menacing by stalking, in violation of Ohio Revised Code § 2903.211(A)(1); and (2) two counts of violating a protective order, in violation of Ohio Revised Code § 2919.27(A)(2).[1]

In April 2012, McGrath filed his amended petition for habeas corpus relief under 28 U.S.C. § 2254.[2] Magistrate Judge Nancy A. Vecchiarelli recommended the Court deny McGrath's petition,[3] and McGrath filed objections to her report.[4] Now, McGrath moves the Court to: (1) give him leave to amend his objections; and (2) stay execution of his sentence and grant him bail. For the reasons below, McGrath's motions are **DENIED**.

**I.**

The Court denies McGrath's motion to amend his objections because the basis for his amendment is not cognizable on federal habeas review. McGrath says that he should be allowed to

---

[1] Doc. 25-3 at 6.
[2] Doc. 9.
[3] Doc. 52.
[4] Doc. 53.

-1-

Case No. 1:11-CV-2023-JG
Gwin, J.

supplement his objections based on the Ohio Supreme Court's recent decision, *State v. Smith,* 2013-Ohio-1698 (Ohio Apr. 30, 2013). In *Smith*, the court clarified the meaning of Ohio Revised Code § 2919.27(A)(2) (violating a protective order), the statute that formed the basis of two of McGrath's convictions. The Ohio Supreme Court said that § 2919.27(A)(2) requires the "the state [to] prove, beyond a reasonable doubt . . . the requirement that the [protective order was] delivered to the defendant."[5/] Now McGrath says that the trial court erred because it did not require the state to prove beyond a reasonable doubt that it had served him with the restraining order.[6/]

But, this Court cannot review the state trial court's interpretation of state-law. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."[7/] "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."[8/] Here, McGrath asks this Court to review the state trial court's interpretation of Ohio criminal law, § 2919.27(A)(2). Because such review is beyond this Court's § 2254 jurisdiction, McGrath cannot amend his objections with this claim.

Even if this Court could review McGrath's objection, he has procedurally defaulted that claim because he did not contemporaneously object to the trial court's jury instructions. Under Ohio law, a defendant's failure to object to errors in the jury instructions waives that issue on appeal.[9/] In addition, the Sixth Circuit has said that "Ohio's contemporaneous objection rule constitutes an adequate and independent state ground that bars federal habeas review absent a showing of cause and

---

[5/] *Id.*
[6/] Doc. 56 at 1.
[7/] *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) (citations omitted).
[8/] *Id.*
[9/] Ohio Crim. R. 30(A) ("On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection.").

Case No. 1:11-CV-2023-JG
Gwin, J.

prejudice."[10] Here, the trial court asked McGrath whether he objected to the jury instructions,[11] and McGrath failed to object.[12] Moreover, he has failed to show cause and prejudice for his default. Thus, even if this Court could review McGrath's proposed objection, he has procedurally defaulted that claim.

## II.

The Court denies McGrath's motion to stay execution of his sentence because he has failed to show that exceptional circumstances warrant his release. Under Federal Rule of Appellate Procedure 23(b), a habeas petitioner must demonstrate "not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstances making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.'"[13] "Since a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case."[14]

Here, McGrath has failed to show exceptional circumstances warranting his release. In support of his motion, McGrath makes the same claims he makes in his habeas petition along with the conclusory statement that he "has satisfied [the exceptional circumstances] requirement."[15] But if reiterating one's habeas claims satisfied the exceptional circumstances standard, then every habeas petitioner would be entitled to bail. Thus, because McGrath has failed to show exceptional

---

[10] *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001) (citation omitted).
[11] Doc. 25-9 at 131-32.
[12] Doc. 25-9 at 131-32.
[13] *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) (quoting *Aronson v. May*, 85 S.Ct. 3, 5 (1964) (Douglas, J., in chambers)).
[14] *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993).
[15] Doc. 54 at 2.

Case No. 1:11-CV-2023-JG
Gwin, J.

circumstances warranting his release, he is not entitled to bail pending this Court's review of his habeas petition.

    IT IS SO ORDERED.

Dated: June 17, 2013            s/ *James S. Gwin*
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE