UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

| | | |
|---|---|---|
| JOSEPH MCGRATH, | : | CASE NO. 1:11-CV-2023-JG |
| Petitioner, | : | |
| | : | OPINION & ORDER |
| v. | : | [Resolving Docs. No. 9, 50.] |
| BENNIE KELLY, | : | |
| Respondent. | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In May 2009, a jury found *pro se* Petitioner Joseph McGrath guilty of: (1) three counts of menacing by stalking, in violation of Ohio Revised Code § 2903.211(A)(1); (2) two counts of violating a protection order, in violation of Ohio Revised Code § 2919.27(A)(2); and (3) one count of resisting arrest, in violation of Ohio Revised Code § 2921.33(A).[1]

Now, McGrath has filed his amended petition for habeas corpus relief under 28 U.S.C. § 2254.[2] Magistrate Judge Nancy A. Vecchiarelli recommended that the Court deny McGrath's petition,[3] and McGrath filed objections to her report.[4] For the following reasons, the Court **DENIES** McGrath's petition.[5]

## I. Background

In May 2009, a Cuyahoga County jury found Petitioner McGrath guilty of three counts of menacing by stalking, two counts of violating a temporary protection order, and a single count of

---

[1] Doc. 25 at 2.
[2] Doc. 9. McGrath has also filed a motion for summary judgment. Doc. 50.
[3] Doc. 52.
[4] Doc. 53.
[5] The Court also denies McGrath's motion for summary judgment, doc. 50, as moot.

resisting arrest.[6] The convictions relate to McGrath's relationship with Michelle Bassett, his ex-girlfriend.[7] In 2005, McGrath and Bassett began dating.[8] The relationship soon ended, but McGrath continued to contact Bassett.[9] In response, Bassett made several police reports about McGrath.[10] She said that he was stalking her, and that he had slashed her car tires.[11] In January 2007, Bassett called police because McGrath had trapped her in a gas station.[12] Police responded and arrested McGrath.[13]

Soon after the arrest, the court issued a Temporary Protection Order ("TPO"), which prohibited McGrath from contacting Bassett and coming within 500 feet of her.[14] But while McGrath was in jail, he continued to call and write Bassett.[15] In September 2008, McGrath told Bassett that he was being released from jail and would come to her home.[16] When McGrath arrived, Bassett told him that she had called the police.[17] McGrath fled, but the police subdued him.[18]

**A. State Proceedings**

The State of Ohio charged McGrath with eight counts of menacing by stalking, violating a TPO, and resisting arrest.[19] At his trial, McGrath said that he did not know that he was subject to

---

[6] Doc. 25 at 2. Originally, the state brought two actions against McGrath, CR-516312 and CR-524159. Docs. 25-3; 25-4. Those cases were consolidated for trial. Doc. 25-3 at 7.
[7] Doc. 25-17 at 3.
[8] Doc. 25-17 at 3-4.
[9] Doc. 25-17 at 4.
[10] Doc. 25-17 at 4.
[11] Doc. 25-17 at 4.
[12] Doc. 25-17 at 4.
[13] Doc. 25-17 at 4.
[14] Doc. 9-3 at 2.
[15] Doc. 25-17 at 6.
[16] Doc. 25-17 at 7.
[17] Doc. 25-17 at 7.
[18] Doc. 25-17 at 7.
[19] Doc. 25 at 2.

the TPO because he never received a copy of it.[20] McGrath admitted that he called Bassett, but he said that their contact was consensual.[21] During the trial, the State played tapes of McGrath's phone calls that suggested otherwise.[22] On those tapes, McGrath used profane language and threatened Bassett.[23]

The jury found McGrath guilty on six of the eight counts. McGrath appealed his conviction, alleging seventeen assignments of error.[24] The Ohio Court of Appeals affirmed the trial court's judgment.[25] In March 2011, McGrath filed an untimely appeal to the Ohio Supreme Court, which subsequently denied him leave to file a delayed appeal.[26]

McGrath also moved for a new trial with the trial court.[27] But the trial court denied his motion.[28] In July 2011, McGrath filed a notice of delayed appeal in the Ohio Court of Appeals.[29] The court of appeals denied McGrath leave to file a delayed appeal.[30] McGrath then appealed that decision to the Ohio Supreme Court,[31] which denied him leave to appeal.[32]

In February 2011, McGrath filed a petition for postconviction relief in the trial court.[33] The

---

[20] Doc. 25-17 at 14.
[21] Doc. 25-17 at 15.
[22] Doc. 25-17 at 13.
[23] Doc. 25-17 at 13.
[24] Doc. 25-1 at 5.
[25] Doc. 25-17 at 1. The Ohio Court of Appeals also denied McGrath's motion to reconsider its judgment.
[26] Doc. 25-21. After the Ohio Court of Appeals denied McGrath's motion for reconsideration, he had forty-five days to file a timely appeal with the Ohio Supreme Court. Ohio S.Ct. Prac. R. 6.01(A)(1). Subsequently, McGrath filed another motion for reconsideration in the appellate court, but it denied the motion as untimely. Doc. 25-14 at 1. McGrath appealed that decision to the Ohio Supreme Court, and the court dismissed his appeal without a ruling on the merits. Docs. 25-23; 25-26.
[27] Doc. 25-31.
[28] Doc. 25-3 at 4.
[29] Doc. 25-34.
[30] Doc. 25-37.
[31] Doc. 25-38.
[32] Doc. 25-41.
[33] Doc. 25-48.

trial court denied the petition because it was untimely.[34] McGrath appealed that decision.[35] The Ohio Court of Appeals affirmed the trial court's judgment after it found that McGrath's petition was untimely.[36] McGrath filed a motion for reconsideration but this too was denied.[37] McGrath then timely filed a notice of appeal with the Ohio Supreme Court.[38] The Ohio Supreme Court dismissed the appeal without addressing the merits of McGrath's claims.[39]

**B. Habeas Petition**

In September 2011, McGrath petitioned this Court for habeas corpus relief.[40] He alleges fourteen grounds for relief:

> Ground One: The trial court abused its discretion and committed plain error and violated the petitioner's Ohio and United States constitutional rights by permitting the city of Parma to prosecute a criminal offense in the Court of Common Pleas, when no criminal offense was committed in the City of Parma's political subdivision and/or territorial jurisdiction.
>
> Ground Two: The petitioner's convictions are against the manifest weight of the evidence, in violation of the Ohio and United States Constitutions.
>
> Ground Three: The sufficiency of the evidence does not support the petitioner's convictions, in violation of the Ohio and United States Constitutions.
>
> Ground Four: The trial court abused its discretion and committed plain error in violation of the Ohio and United States Constitutions by forcing the petitioner to go through a jury trial wearing county orange clothing over the petitioner's objections.
>
> Ground Five: The trial court abused its discretion and/or committed

---

[34] Doc. 25-55.
[35] Doc. 25-58.
[36] Doc. 25-61.
[37] Docs. 25-63; 25-65.
[38] Doc. 25-67.
[39] Doc. 25-69.
[40] Doc. 9.

-4-

plain error by denying the petitioner any discovery in violation of the Ohio and United States Constitutions.

Ground Six: The trial court abused its discretion and/or committed plain error, in violation of the Ohio and United States Constitutions by providing incorrect jury instructions by leaving out one critical word "only" in the jury instructions.

Ground Seven: The trial court abused its discretion and/or committed plain error in violation of the Ohio and United States Constitutions by permitting the State to ambush the petitioner on the stand with State's Ex. 16, Compact Disk . . . that the petitioner only heard for the first time while testifying.

Ground Eight: The petitioner was tried, convicted and sentenced before a biased judge, in violation of the Ohio and United States Constitutions, rendering the trial, conviction and sentence void.

Ground Nine: The trial court abused its discretion and/or committed plain error by sentencing the petitioner to allied offenses of similar import . . . in violation of the Ohio and United States constitutions.

Ground Ten: The petitioner's trial, conviction, sentence for violating a temporary protection order issued pursuant to R.C. § 2903.213, R.C. § 2903.214, is void, as both statutes are unconstitutional and in conflict with Ohio Civ. R. 1, Ohio Civ. R. 65.

Ground Eleven: The petitioner's Ohio and United States constitutional rights were violated when he was prosecuted for violating a temporary protection order that has [sic] expired.

Ground Twelve: The petitioner was denied the effective assistance of trial counsel, in violation of the Ohio and United States Constitutions.

Ground Thirteen: The trial court acted outside of its jurisdiction by failing to credit the petitioner with the exact number of days of jail time credit he was entitled to in the sentencing journal entry, in violation of the Ohio and United States constitutions.

Ground Fourteen: The trial court was without jurisdiction to prosecute the petitioner and his conviction is void because the trial court allowed the State of Ohio to prosecute the petitioner before he was judicially declared competent to stand trial . . . in violation of the Ohio and

United States constitutions.[41]

McGrath also asks this court to grant summary judgment in his favor.[42]

Under Local Rule 72.2(b)(2), McGrath's petition was referred to Magistrate Judge Nancy A. Vecchiarelli. Magistrate Judge Vecchiarelli recommended the Court deny McGrath's petition.[43]

## II. Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[44] governs a federal court's review of a state prisoner's habeas corpus petition. AEDPA limits federal review to only those claims in which a petitioner contends that he is in custody in violation of the Constitution, laws, or treaties of the United States.[45] And a federal court cannot grant a habeas petition for any claim that the state court adjudicated on the merits unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[46]

To justify any grant of habeas relief, "a federal court must find a violation of law 'clearly established' by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision."[47] Furthermore,

> under the "contrary to" clause, a federal habeas court may grant the

---

[41] Doc. 52 at 22-23.
[42] Doc. 50 at 3.
[43] Doc. 52 at 1. McGrath objects to these recommendations. Doc. 53. Magistrate Judge Vecchiarelli also noted that "[b]ecause no state remedies remain available to him, McGrath has exhausted state remedies." Doc. 52 at 31. McGrath does object, and the Court agrees that he has exhausted his state remedies.
[44] Pub. L. No. 104–132, 110 Stat. 1214 (1996); codified at 28 U.S.C. § 2254.
[45] 28 U.S.C. § 2254(a).
[46] 28 U.S.C. § 2254(d). *See also* Miller v. Francis, 269 F.3d 609, 614 (6th Cir. 2001).
[47] *Id*. (citing Williams v. Taylor, 529 U.S. 362, 412 (2000)).

> writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.[48]

The Sixth Circuit holds that, even if a federal court could determine that a state court incorrectly applied federal law, the court still should not grant relief unless it also finds that the state court ruling was unreasonable.[49]

"A petitioner must fairly present to the state courts either the substance of or the substantial equivalent of the federal claim that he is presenting to a federal habeas court."[50] "To fairly present a claim to a state court a petitioner must assert both the legal and factual basis for his or her claim."[51] To determine whether a federal legal claim has been fairly presented to the state court, a federal habeas court considers whether:

> 1) the petitioner phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question;
>
> 2) the petitioner relied upon federal cases employing the constitutional analysis in question;
>
> 3) the petitioner relied upon state cases employing the federal constitutional analysis in question; or
>
> 4) the petitioner alleged "facts well within the mainstream of [the pertinent] constitutional law."[52]

Where a petitioner fails to fairly present a federal claim in state court, the petitioner forfeits

---

[48] *Williams*, 529 U.S. at 412–13.
[49] *Simpson v. Jones*, 238 F.3d 399, 405 (6th Cir. 2000).
[50] *Hicks v. Straub*, 377 F.3d 538, 552 (6th Cir. 2004).
[51] *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).
[52] *Hicks*, 377 F.3d at 553 (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)).

that claim in later proceedings unless the petition can show both cause for, and prejudice resulting from, the default.[53]

Where the state court did not adjudicate a federal constitutional claim on the merits even though it was fairly presented, AEDPA deference does not apply.[54] In such cases, a federal court applies the pre-AEDPA standard of review and reviews questions of law *de novo* and questions of fact for clear error.[55] Nonetheless, "when a state court issues an order that summarily rejects without discussion all the claims raised by a defendant, including a federal claim . . . the federal habeas court must presume (subject to rebuttal) that the federal claim was adjudicated on the merits."[56] The same rule applies "when the state court addresses some of the claims raised by a defendant but not a claim that is later raised in a federal habeas proceeding."[57]

### III. Analysis

**A. State Claim**

The Court lacks jurisdiction to consider Ground Thirteen of McGrath's petition because it is a claim based exclusively on state law. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."[58] "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."[59]

Here, in Ground Thirteen, McGrath says that the trial court failed to properly credit him for

---

[53]/*See* *Wainright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).
[54]/*Evans v. Hudson*, 575 F.3d 560, 564 (6th Cir. 2009); *Brown v. Smith*, 551 F.3d 424, 429 (6th Cir. 2008).
[55]/*Evans*, 575 F.3d at 564; *Brown*, 551 F.3d at 430; *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003).
[56]/*Johnson v. Williams*, — U.S. —, 133 S.Ct. 1088, 1091 (2013) (discussing *Harrington v. Richter*, — U.S. —, 131 S.Ct. 770 (2011)).
[57]/*Id*.
[58]/*Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citations omitted).
[59]/*Id.*

certain jail time credit he deserved.[60] He says that this is a violation of his constitutional rights.

But McGrath's argument is based entirely on state-law grounds.[61] The Sixth Circuit has said that "[a] state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."[62] Jail time credit is a matter of Ohio law for Ohio courts to decide. Because this Court will not "reexamine state-court determinations on state-law questions," the Court lacks jurisdiction to consider Ground Thirteen.[63]

**B. Procedural Default**

The Court finds that McGrath has procedurally defaulted the remaining grounds in his petition. The Sixth Circuit uses a three-step analysis to determine whether a claim is procedurally defaulted.[64] Under this test, the Court decides (1) whether the petitioner failed to comply with an applicable state procedural rule; (2) whether the state courts actually enforced the state procedural sanction; and (3) whether the state procedural bar is an "independent and adequate" state ground on which the state can foreclose federal review.[65] If these elements are met, the claim is procedurally defaulted.

But there are two exceptions to the procedural default rule. A federal court can hear the merits of a procedurally defaulted claim if the petitioner can show "cause" for the procedural default and "actual prejudice" from the alleged error.[66] A petitioner can also excuse his procedural default by showing that a "miscarriage of justice" would result if the court does not hear the claim.[67] The

---

[60] Doc. 9 at 35.

[61] The Court has jurisdiction over McGrath's Ground 2 to the extent that it challenges the constitutionality of his imprisonment.

[62] *Howard v. White*, 76 Fed. Appx. 52, 53 (6th Cir. 2003).

[63] *Estelle*, 502 U.S. at 67-68.

[64] *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

[65] *Id*.

[66] *Id*.

[67] *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992).

"miscarriage of justice" standard requires the petitioner to show "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial."[68] But this exception "should remain rare and only be applied in the extraordinary case."[69] For the reasons below, the Court finds that McGrath has procedurally defaulted his remaining grounds for relief.

**1. Grounds One, Two, Three, Four, Five, Six, Seven, Eight, Nine, Twelve, & Fourteen**

The Court finds that McGrath has procedurally defaulted Grounds One, Two, Three, Four, Five, Six, Seven, Eight, Nine, Twelve, and Fourteen because he made those claims in an untimely direct appeal to the Ohio Supreme Court. Because it was procedurally barred, the Ohio Supreme Court dismissed the claims as untimely. When a procedural error prevents a petitioner from presenting the merits of the claim to a state court, that claim is procedurally barred and cannot be brought in a federal habeas court.[70] Procedural default can result from a default at trial, on appeal, or on collateral review.[71] The Sixth Circuit's three-step analysis determines when a petitioner has procedurally defaulted a claim.[72]

Here, McGrath procedurally defaulted these grounds because the Ohio Supreme Court applied an adequate and independent procedural bar to his direct appeal. McGrath's direct appeal had seventeen assignments of error.[73] Among those purported errors are the same arguments that McGrath makes before this Court as Grounds One, Two, Three, Four, Five, Six, Seven, Eight, Nine, Twelve, and Fourteen.[74] McGrath timely filed his appeal with the Ohio Court of Appeals.[75] The

---

[68] *Souter v. Jones*, 395 F.3d 577, 589 (6th Cir. 2005) (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).
[69] *Souter*, 395 F.3d at 590 (internal quotations omitted).
[70] *Murray v. Carrier*, 477 U.S. 478, 485 (1986).
[71] *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).
[72] *Maupin*, 785 F.2d at 138.
[73] Doc. 25-1 at 5.
[74] *See* Docs. 25-15 at 7-10; 9 at 16-36. Those grounds correspond to McGrath's Assignments of Error One, Two, Three, Four, Five, Seven, Eight, Twelve, Fourteen, Sixteen, and Seventeen are now before this Court. The Court has jurisdiction over McGrath's Ground Two only to the extent that it raises questions of federal law or the constitutionality of his imprisonment. The Court also has jurisdiction over Ground Nine to the extent that McGrath raises

Court of Appeals affirmed his conviction.[76] McGrath then had forty-five days to file a timely notice of appeal to the Ohio Supreme Court.[77] But McGrath instead waited nearly five months to file.[78] Because his appeal was untimely, the Ohio Supreme Court applied a procedural bar by declining to grant him leave to file a delayed appeal.[79]

When the Ohio Supreme Court declines jurisdiction for an appeal, "it is not rendering a decision on the merits."[80] And the Sixth Circuit has held that the denial of a motion for a delayed appeal is an "independent and adequate" state ground on which the state can foreclose federal review.[81] Thus, the Court finds that McGrath has procedurally defaulted Grounds One, Two, Three, Four, Five, Six, Seven, Eight, Nine, Twelve, and Fourteen.

The Court also finds that McGrath has not shown that the failure to hear those claims would result in a miscarriage of justice.[82] To qualify for this exception to the procedural default rule, a petitioner must make "a proper showing of actual innocence."[83] The petitioner must show that, more likely than not, no reasonable juror would have convicted him in light of the new evidence.[84] A federal court deciding a habeas corpus claim must consider "all the evidence, old and new,

---

questions about his Double Jeopardy rights.

[75] Doc. 25-11.
[76] *See* Doc. 25-14 at 2.
[77] Ohio S.Ct. Prac. R. 6.01(A)(1).
[78] Doc. 25-14 at 1-2. McGrath moved the Ohio Court of Appeals for rehearing and reconsideration while his untimely appeal to the Ohio Supreme Court was pending. Doc. 25-14 at 1. The court of appeals dismissed his motions. Doc. 25-14 at 1.
[79] Doc. 25-21. Following the Ohio Supreme Court's decision, McGrath *again* filed for rehearing and reconsideration with the Ohio Court of Appeals. That court dismissed his motions as untimely, and the Ohio Supreme Court declined to grant McGrath an appeal of those decisions.
[80] Doc. 53 at 12 (discussing *State v. Davis*, 894 N.E.2d 1221 (Ohio 2008)).
[81] *See Smith v. Ohio Dep't of Rehab & Corr.*, 463 F.3d 426, 431-32 (6th Cir. 2006) ("We have previously held that [Supreme Court denial for an untimely notice of appeal] is an adequate procedural ground to foreclose federal habeas review."); *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004) ("[T]he applicable Ohio court rules indicate that the denial of a motion for a delayed appeal is a procedural ruling, not a ruling on the merits.").
[82] McGrath does not attempt to show cause for his default or any resulting prejudice.
[83] *Herrera v. Collins*, 506 U.S. 390, 404 (1993).
[84] *Id*.

incriminating and exculpatory."[85] But a petitioner fails to show actual innocence when "[t]he substantial remainder" of the prosecution's case remains unchallenged "and provides ample evidence of guilt."[86]

Here, McGrath has failed to offer sufficient evidence to support his argument that he is actually innocent. First, many of the affidavits that McGrath provides are consistent with the arguments that he already made at trial.[87] For example, several of the affidavits say that McGrath and Bassett had a relationship while he was in jail.[88] But McGrath and others gave similar testimony at trial.[89] And the detective handling the case acknowledged that Bassett had some contact with McGrath during that time.[90] With his petition, McGrath also provided commissary deposit slips showing that Bassett gave him money.[91] But, Bassett testified about the deposits at his trial.[92] A jury at McGrath's trial already considered these arguments and found him guilty. Moreover, several of McGrath's affiants have credibility issues that would likely have been raised at trial.[93] While the new evidence might weigh in McGrath's favor, the Court finds that it fails to "'undermine confidence in the result of the trial.'"[94]

The Court's conclusion is supported by McGrath's failure to address the State's strongest evidence. First, McGrath fails to address the audio recording of his phone calls to Bassett. Those

---

[85]/*House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotations omitted).
[86]/*Albrecht v. Horn*, 485 F.3d 103, 125 (3rd Cir. 2007).
[87]/*See* Docs. 9-6; 9-7; 9-8; 9-10; 9-11; 46-4.
[88]/See Docs. 9-6; 9-7.
[89]/*See* Doc. 25-17 at 8-13. The defense called three witnesses, all of whom testified about McGrath's relationship with Bassett.
[90]/Doc. 25-17 at 8.
[91]/*See* Docs. 46-6; 46-7.
[92]/Doc. 25-17 at 6-7. Bassett testified that she had deposited at least $100 into McGrath's account, but the deposit slips that McGrath provided show only $20 in deposits.
[93]/The affidavits are largely from friends and family of McGrath, who likely have the desire to see him released. *See McCray v. Vasbinder*, 499 F.3d 568, 573 (6th Cir. 2007) (noting that witnesses who "have a personal stake in exonerating" a defendant are less credible than impartial observers).
[94]/*Souter*, 395 F.3d 577 (quoting *Schlup*, 513 U.S. at 317, 324).

calls "contain several threats of violence and are laced with profanity. On one occasion, [McGrath] informs Bassett that he was walking down her street with an eight-pound sledgehammer to smash her car."[95/] McGrath also does not support his claim that he never received a copy of the TPO. He provided an unsigned copy of the TPO with his petition, but this is not evidence that he never received it.[96/] McGrath offers no new evidence to counter the testimony that he was served in jail, which the court docket reflected.[97/] With the State's case largely unchallenged, the Court finds that there was sufficient evidence of McGrath's guilt. Thus, McGrath's grounds for relief remain procedurally defaulted.

**2. Grounds Ten and Eleven**

The Court also finds that McGrath has procedurally defaulted Grounds Ten and Eleven because the state trial court and the Ohio Court of Appeals applied procedural bars to his motion for a new trial and his state postconviction petition.

In 2010, McGrath filed a motion for a new trial, which contained grounds that are now before this Court as Grounds Ten and Eleven.[98/] The trial court denied McGrath's motion for a new trial.[99/] And McGrath filed an untimely appeal to the Ohio Court of Appeals.[100/] The court of appeals denied McGrath leave to file a delayed appeal and did not consider his claims on the merits.[101/] McGrath then appealed that decision to the Ohio Supreme Court.[102/] The Ohio Supreme Court denied McGrath

---

[95/] Doc. 25-17 at 9.
[96/] Doc. 9-3.
[97/] Doc. 25-8 at 62.
[98/] Doc. 25-31 at 4-6. McGrath's third argument includes his claims that the TPO was expired and that it was issued based on unconstitutional laws. These arguments are now before the Court as Grounds Ten and Eleven.
[99/] Doc. 25-3 at 4.
[100/] Doc. 25-34.
[101/] Doc. 25-37.
[102/] Docs. 25-39; 25-40. McGrath's fourth and fifth propositions of law in that appeal are the same questions as Grounds Ten and Eleven in this case.

leave to appeal.[103]

Similarly, in 2011, McGrath filed a petition for post-conviction relief with the trial court.[104] His petition contained the same arguments that are now before the Court as Grounds Ten and Eleven.[105] The trial court denied the petition because it was untimely.[106] McGrath appealed the trial court's judgment to the Ohio Court of Appeals.[107] But the Ohio Court of Appeals affirmed.[108] McGrath then appealed to the Ohio Supreme Court,[109] which denied him leave to appeal.[110]

Here, the Court finds that McGrath has defaulted Grounds Ten and Eleven. McGrath failed to file timely appeals with both the trial and appellate courts. In both appeals, the Ohio Supreme Court enforced the procedural bar by refusing to hear the claims on the merits.[111] A court refusing to hear an untimely petition is imposing an "independent and adequate" state procedural bar to prevent a federal court from hearing the habeas claims.[112] This is true even where Ohio courts have discretion to grant leave.[113] Thus, the Court finds that McGrath has procedurally defaulted Grounds Ten and Eleven.

---

[103] Doc. 25-41.

[104] Doc. 25-48.

[105] Doc. 25-48. ¶¶ 16-22 contain McGrath's arguments that the TPO was based on unconstitutional law and expired before his alleged violations. These arguments are before the Court now as Grounds Ten and Eleven. Magistrate Judge Vecchiarelli considered Ground 11 on the merits. But McGrath presented this argument to the state courts in his motion for a new trial and postconviction proceedings. Therefore, the Court will first consider whether he has procedurally defaulted this claim.

[106] Doc. 25-55.

[107] Doc. 25-58.

[108] Doc. 25-61. The court did not address the merits of Assignments of Error Two, Three, and Four, which are now Grounds Ten and Eleven.

[109] Doc. 25-67. In that petition, Propositions Four, Five, and Six are the relevant arguments.

[110] Doc. 25-69.

[111] Docs. 25-41; 25-69.

[112] See Walker v. Martin, 131 S.Ct. 1120, 1128 (2011) ("[A] discretionary state procedural rule . . . can serve as an adequate ground to bar federal habeas review."); Stone v. Moore, 644 F.3d 342, 348 (6th Cir. 2011) ("[A] petitioner's failure to follow Ohio Rule of Appellate Procedure 5(A) can serve as the basis for a procedural default of a petitioner's habeas claims.").

[113] *Id*.

For the same reasons discussed above, McGrath fails to show why the Court should hear his procedurally defaulted grounds on the merits. McGrath says only that he is actually innocent.[114] But, as stated above, the Court finds that a reasonable juror considering all the evidence, both new and old, could still find him guilty on all six counts. Thus, the Court finds that McGrath has failed to excuse his default, and Grounds Ten and Eleven remain procedurally barred.

## IV. Conclusion

For the reasons above, the Court **DENIES** McGrath's petition.[115]

Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith, and that no basis exists upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure 22(b).

IT IS SO ORDERED.

Dated: July 18, 2013            s/ *James S. Gwin*
                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE

---

[114] Doc. 46 at 18 ("To uphold a procedural default would allow the State of Ohio to maintain the unlawful conviction of Joseph McGrath who is actually innocent of the crimes he stands convicted of, all in violation of the Ohio and United States Constitutions.").

[115] The Court also denies McGrath's motion for summary judgment as moot.

-15-