UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

-------------------------------------------------------
:
JOSEPH MCGRATH, : CASE NO. 1:11-CV-2023-JG
:
Petitioner, :
: OPINION & ORDER
v. : [Resolving Docs. No. 62, 63.]
:
BENNIE KELLY, :
:
Respondent. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In April 2012, Petitioner Joseph McGrath filed an Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.[1] The Court denied McGrath's Petition.[2] McGrath now asks the Court to reconsider its judgment under Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b).[3] The Court **DENIES** the motion.

## I. Background

The Court detailed the facts of this case in its prior opinions.[4] In May 2009, in two consolidated cases, a Cuyahoga County jury found McGrath guilty of three counts of menacing by stalking, two counts of violating a protection order, and one count of resisting arrest.[5] McGrath appealed his conviction and later filed a petition for post-conviction relief.[6] The Ohio Court of Appeals and the Ohio Supreme Court affirmed his convictions.[7]

---

[1] Doc. 9.
[2] Doc. 61.
[3] Docs. 62 & 63.
[4] Docs. 59 & 60.
[5] Doc. 25 at 2.
[6] Doc. 60 at 3-4.
[7] Doc. 60 at 3-4.

Case No. 1:11-CV-2023-JG
Gwin, J.

McGrath then filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.[8/] On July 18, 2013, the Court denied McGrath's Petition.[9/] McGrath now asks the Court to reconsider its judgment.[10/] The Court considers his motion under Federal Rule of Civil Procedure 59.[11/]

## II. Law & Analysis

Under Rule 59, a court may grant a motion to alter or amend its judgment if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) to prevent manifest injustice.[12/] But, a reconsideration motion is not an opportunity to re-litigate previously decided matters or present the case under new theories.[13/] The Sixth Circuit has "repeatedly held [that] Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment."[14/] Such a motion is extraordinary and sparingly granted.[15/]

McGrath's arguments do not justify altering or amending the Court's opinion. First, McGrath says that this Court misstated certain facts by saying that the "petitioner was charge[d] with eight counts of menacing by stalking."[16/] But, the Court wrote that "Ohio charged McGrath with eight counts of menacing by stalking, violating a [temporary protection order], and resisting

---

[8/]Doc. 9.
[9/]Doc. 61.
[10/]Docs. 62 & 63.
[11/]In a habeas corpus proceeding, a Rule 60(b) motion is a collateral attack on a final judgment and requires a transfer to the court of appeals.  See Howard v. United States, 533 F.3d 472, 474-75 (6th Cir. 2008).  Here, McGrath filed a timely Rule 59(e) motion.  Because a timely Rule 59(e) motion "operates to suspend the finality of the district court's judgment," there is no final judgment that McGrath can collaterally attack at this stage. Id. at 475 (internal quotation omitted).  Therefore, the Court considers his motion under Rule 59(e) only.  See Smith v. Hudson, 600 F.2d 60, 62–63 (6th Cir. 1979) ("A motion which asks a court to vacate and reconsider, or even to reverse its prior holding, may properly be treated under Rule 59(e) as a motion to alter or amend a judgment.").
[12/]See Gencorp, Inc. v. Am. Int'l Underwiters, 178 F.3d 804, 834 (6th Cir. 1999).
[13/]Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998).
[14/]Howard, 533 F.3d at 475.
[15/]Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc., 904 F.Supp. 644, 669 (N.D. Ohio 1995).
[16/]Doc. 62.

Case No. 1:11-CV-2023-JG
Gwin, J.

arrest."[17]  Quoted in full, the Court's Opinion says that the State charged McGrath with eight total counts for three different crimes.[18]  This is not a misstatement of the facts.  Thus, the Court finds that this argument gives no basis for altering or amending its judgment.

Second, McGrath asks the Court to reconsider its dismissal of his thirteenth ground for relief.[19]  With those claims, McGrath says that the state trial court failed to properly credit him for the jail time that he served.[20]  But as the Court noted in its Opinion, "[a] state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."[21]  Ground Thirteen is not cognizable in federal habeas corpus review because federal courts lack the authority to "reexamine state-court determinations on state-law questions."[22]  McGrath has failed to offer new facts or law to support his argument regarding proper application of state sentencing guidelines or credit for time served.  Thus, the Court did not err when it dismissed McGrath's claim.

Third, McGrath says that the Court erred when it *sua sponte* dismissed Ground Nine of his Petition as procedurally defaulted.  He says that the State "never raised the defense of procedural default within their return of writ . . . and have 'waived' this defense" for Ground Nine.[23]  Because McGrath did not have an opportunity to brief the procedural default issue for Ground Nine,[24] the

---

[17]/Doc. 60.

[18]/The Opinion says that a jury found McGrath guilty "on six of the eight counts."  Doc. 60 at 3.

[19]/Doc. 62.

[20]/Doc. 9 at 35.

[21]/*Howard v. White*, 76 Fed. Appx. 52, 53 (6th Cir. 2003).  McGrath cites no cases to support his position.

[22]/*Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

[23]/Doc. 62 at 2.

[24]/*See Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005) ("The main concern with raising procedural default sua sponte is that a petitioner not be disadvantaged without having had an opportunity to respond.").

Case No. 1:11-CV-2023-JG
Gwin, J.

Court considers the merits of his argument: Did the trial court violate the Double Jeopardy Clause by failing to merge his convictions at his sentencing?[25]

The Double Jeopardy Clause prohibits "multiple punishments for the same offense."[26] To determine if the Double Jeopardy Clause bars multiple convictions, courts ask whether "'each [statute] requires proof of an additional fact which the other does not.'"[27] Even if the same conduct is punished under multiple statutes, there is no violation when the legislature intended the cumulative punishment.[28] The Double Jeopardy Clause "'does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.'"[29] "[F]or purposes of double jeopardy analysis, once a state court has determined that the state legislature intended cumulative punishments, a federal habeas court must defer to that determination."[30]

Here, McGrath has failed to show that the trial court violated clearly established federal law by failing to merge his convictions. The Ohio Court of Appeals held that "each of [McGrath's] convictions are supported by evidence that would support a finding that [McGrath] acted with a separate animus in committing each offense of conviction."[31] In case CR-516312, the trial court sentenced McGrath for (1) menacing by stalking and (2) violating a temporary protection order.[32] While McGrath says that the failure to merge these crimes violates the Double Jeopardy Clause, the

---

[25] Doc. 9 at 58-60.  In case CR-516312, Count One was menacing by stalking, and Count Four was violation of temporary protection order.  Doc. 25-2.  In case CR-524159, Counts One and Two were both menacing by stalking. Doc. 25-2.
[26] *Ohio v. Johnson*, 467 U.S. 493, 498 (1984).
[27] *Carter v. Carter*, 59 Fed. Appx. 104, 107 (6th Cir. 2003) (citing *Blockburger v. United States*, 284 U.S. 299 (1932)).
[28] *Id*.
[29] *Volpe v. Trim*, 708 F.3d 688, 696 (6th Cir. 2013) (quoting *Missouri v. Hunter*, 459 U.S. 359, 366 (1983)).
[30] *Id*. (internal quotation omitted).
[31] Doc. 25-17 at 37.
[32] Doc. 25-2.

Case No. 1:11-CV-2023-JG
Gwin, J.

two crimes require proof of different elements.[33] And here, the State proved those different elements with different facts.[34]

Similarly, in case CR-524159, the trial court sentenced McGrath for two counts of menacing by stalking,[35] and McGrath says that those crimes involved "the same conduct against the same person at the same residence."[36] But, the Double Jeopardy Clause is not violated where a defendant receives multiple punishments for committing separate criminal acts.[37] McGrath's phone calls to the victim[38] and his later trespass at her apartment[39] are separate criminal acts because they occurred at different times with separate animus.[40] As a result, the trial court did not subject McGrath to "cumulative punishments for the same act," and the trial court did not violate clearly established federal law.[41] Thus, the Court finds that there is no basis for altering or amending its judgement

---

[33]/Menacing by stalking occurs when a defendant, by engaging in a pattern of conduct, did knowingly cause a victim to believe that the defendant would cause physical harm or mental distress to the victim. Ohio Rev. Code § 2903.211 (2008). Violation of a temporary protection order occurs when a defendant recklessly violates the terms of a protective order. Ohio Rev. Code § 2919.27 (2011).

[34]/McGrath admitted that he entered the victim's home and had contact with her, both violations of the TPO. Doc. 25-9 at 71. The victim testified that McGrath called her at "[a]ll hours of the day and night," which would support a conviction for menacing by stalking. Doc. 25-7 at 110. And McGrath's failure to surrender the victim's house keys also violated the TPO. Doc. 25-9 at 71.

[35]/Doc. 25-5.

[36]/Doc. 62.

[37]/See, e.g., United States v. Redditt, 87 F. App'x 440, 447 (6th Cir. 2003); Williams v. Bournay, 178 F.3d 1298 (Table), 1999 WL 196532, at *2 (6th Cir. 1999).

[38]/Doc. 25-9 at 83-84.

[39]/Doc. 25-9 at 84-85.

[40]/See Volpe, 708 F.3d at 698 (holding that, under Ohio law, offenses committed separately and with separate animus cannot be allied offenses of similar import); State v. Johnson, 942 N.E.2d 1061, 1070 (Ohio 2010) ("[I]f the offenses are committed separately, or if the defendant has separate animus for each offense, then . . . the offenses will not merge.").

[41]/While there is no motion to amend his motion for reconsideration before the Court, McGrath has attempted to supplement his arguments with an additional filing on this docket. Doc. 63. The Court finds these supplemental arguments unpersuasive. McGrath has already presented his actual innocence arguments in Grounds Two and Three of his Petition. Doc. 46 at 42. And he has failed to offer new legal or factual support for these arguments. Because a Rule 59(e) motion "does not permit [a party] to effectively re-argue a case," the Court will not reconsider its judgment on Grounds Two and Three of McGrath's Petition. Howard, 533 F.3d at 475.

Case No. 1:11-CV-2023-JG
Gwin, J.

denying McGrath's petition.

### III. Conclusion

For the above reasons, McGrath's Motion is **DENIED**.

IT IS SO ORDERED.


Dated: August 2, 2013          s/ *James S. Gwin*
                                                    JAMES S. GWIN
                                                    UNITED STATES DISTRICT JUDGE

Case: 1:11-cv-02023-JG Doc #: 64 Filed: 08/02/13 6 of 6. PageID #: 2650