UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
JOSEPH MCGRATH, :
: CASE NO. 1:11-CV-2023
Petitioner, :
:
vs. : OPINION & ORDER
: [Resolving Doc. Nos. 65, 66, & 67]
BENNIE KELLY, Warden, :
:
Respondent. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Joseph McGrath moves this Court for relief from this Court's August 2, 2013, order denying his motion for reconsideration.[1] Respondent opposes the motion.[2] Because this Court construes McGrath's Federal Rule of Civil Procedure 60(b) motion as a successive habeas petition, the Court **DENIES** McGrath's motion[3] and **TRANSFERS** it to the Sixth Circuit.

**I. Background**

The Court detailed the facts of this case in its prior opinions.[4] In May 2009, in two consolidated cases, a Cuyahoga County jury found Petitioner McGrath guilty of three counts of

---

[1] Docs. 64 (August 2, 2013 Order); 65 (Petitioner's motion).

[2] Doc. 66.

[3] In general, a notice of appeal divests the district court of jurisdiction to issue a final ruling on a motion. *Post v. Bradshaw*, 422 F.3d 419, 421 (6th Cir. 2005). The Sixth Circuit, however, has held that a district court can consider a Rule 60(b) motion despite the filing of an appeal. *See Schewchun v. Edwards*, 815 F.2d 79, at *1 (6th Cir. 1987) (unpublished table opinion) (citation omitted). In this case, the pendency of Petitioner's appeal is somewhat irrelevant since the Court need not consider the merits of Petitioner's motion to transfer it anyway.

[4] Docs. 59; 60.

-1-

Case No. 1:11-CV-2023
Gwin, J.

menacing by stalking, two counts of violating a protection order, and one count of resisting arrest.[5]

McGrath appealed his conviction and later filed a petition for post-conviction relief.[6] The Ohio Court of Appeals affirmed his convictions.[7] McGrath filed an untimely appeal to the Ohio Supreme Court, which subsequently denied him leave to file a delayed appeal.[8]

McGrath subsequently filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.[9] On July 18, 2013, the Court denied McGrath's petition.[10]

Petitioner McGrath then asked the Court to reconsider its judgment under Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b).[11] In an August 2, 2013 order, the Court denied this motion as well.[12]

Petitioner McGrath has now filed another motion seeking relief from judgment under Federal Rule of Civil Procedure 60(b).[13] McGrath raises two grounds for relief from the Court's August 2, 2013 order. First, he says that the Court erroneously failed to find that the convictions of menacing by stalking and of violation of a temporary protection order should have merged for sentencing.[14] Second, Petitioner McGrath says that the Court erroneously found that he committed with separate

---

[5] Doc. 25 at 2.
[6] *See* Doc. 60 at 3-4.
[7] *See id.*
[8] *See id.*
[9] Doc. 9.
[10] Doc. 61.
[11] Docs. 62; 63.
[12] Doc. 64.
[13] Doc. 65.
[14] *Id.* at 1-4.

-2-

Case No. 1:11-CV-2023
Gwin, J.

animus the two September 26, 2008 counts of menacing by stalking.[15] Petitioner indicates that he is not seeking reconsideration based on the Court's initial finding of procedural default on Ground Nine.[16] Rather, he says that the Court has relied on wrong law and misconstrued the trial court record in making its findings about Ground Nine's merits.[17] Respondent opposes this motion.[18]

Petitioner McGrath subsequently filed a notice of appeal from the Court's July 18, 2013 order denying his habeas petition and from the August 2, 2013 order denying his motion for reconsideration.[19]

## II. Law and Analysis

"A Rule 60(b) motion is a second or successive habeas petition when it 'seeks vindication of' or 'advances' one or more 'claims.'"[20] This means that "[w]hen a 60(b) motion attacks the merits of a conviction or sentence, or if it attacks the federal court's previous resolution of a claim on the merits, it should be construed as a habeas petition."[21]

In contrast, such a motion is not a successive habeas petition if it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings."[22] Similarly, a Rule 60(b) motion is not a successive petition if it "merely asserts that a previous ruling which precluded a merits determination was in error – for

---

[15] *Id.* at 4-7.

[16] Doc. 67 at 2-3 (referencing that the Court considered the merits of Petitioner's Ground Nine claim in its August 2, 2013 order).

[17] Doc. 65 at 1-7.

[18] Doc. 66.

[19] Doc 68.

[20] *Post,* 422 F.3d at 424 (quoting *Gonzalez v. Crosby,* 545 U.S. 524, 532(2005)).

[21] *United States v. Carter*, 500 F.3d 486, 489 (6th Cir. 2007) (internal quotation marks omitted) (emphasis omitted).

[22] *Gonzalez,* 545 U.S. at 532.

-3-

Case No. 1:11-CV-2023
Gwin, J.

example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar."[23]

Though Petitioner McGrath frames his request as a Rule 60(b) motion, the Court finds that McGrath actually seeks a merits-based review of the prior dismissal of his habeas petition. This makes his motion a successive habeas petition.[24]

Recall that Petitioner McGrath previously raised his allied offense due process claim before this Court as Ground Nine in his habeas petition.[25] This Court found that McGrath procedurally defaulted Ground Nine.[26] But, in deciding Petitioner's motion for reconsideration under Rule 59(e), the Court re-examined Petitioner's Ground Nine and considered its merits.[27] The Court found that McGrath's Ground Nine failed under a merits analysis as well.[28] Recall that Petitioner indicates his instant motion does not attack the Court's finding of procedural default.[29]

By not attacking a defect in the integrity of the habeas proceeding or a prior ruling that precluded a merits determination (such as procedural default), Petitioner McGrath thus advances a claim that leads to a merits-based attack on this Court's prior dismissal of his habeas petition. This tactic is not allowed. Petitioner is not allowed to mask a successive petition as a Rule 60(b) motion.

---

[23] *Id.*; at 532 n.4; *see also Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir. 2012); *Cook v. Ryan*, 688 F.3d 598, 608 (9th Cir. 2012).

[24] *Post,* 422 F.3d at 424 ("It makes no difference that the motion itself does not attack the district court's substantive analysis of those claims but, instead, purports to raise a defect in the integrity of the habeas proceedings . . . all that matters is that [the petitioner] is 'seek[ing] vindication of' or 'advanc[ing]' a claim by taking steps that lead inexorably to a merits-based attack on the prior dismissal of his habeas petition." (citations omitted) (alteration in the original)).

[25] Doc. 9 at 32.

[26] Doc. 60 at 10-13 (relying on the fact that the Ohio Supreme Court enforced its 45-day timely appeal period and denied Petitioner's delayed appeal attempt and finding this caused procedural default of Ground Nine and various other claims).

[27] Doc. 64 at 3-6.

[28] *Id.*

[29] Doc. 67 at 2-3.

-4-

Case No. 1:11-CV-2023
Gwin, J.

"Before a second or successive application permitted by [§ 2244] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."[30/] Accordingly, McGrath may not file his motion without a certification from the Sixth Circuit Court of Appeals, which he does not have. The proper course, then is to transfer McGrath's motion to the Sixth Circuit.[31/]

### III. Conclusion

For the reasons above, the Court finds Petitioner McGrath's Rule 60(b) motion is effectively a successive petition for federal habeas corpus relief. Accordingly, the Court **DENIES** McGrath's motion and **TRANSFERS** it to the Sixth Circuit.

IT IS SO ORDERED.

Dated: September 26, 2013              s/     *James S. Gwin*
                                       JAMES S. GWIN
                                       UNITED STATES DISTRICT JUDGE

---

[30/] 28 U.S.C. § 2244(b)(3)(A). See *In re Williams*, 364 F.3d 235, 238 (4th Cir. 2004); *see also Keith v. Bobby*, 551 F.3d 555, 557 (6th Cir.2006).

[31/] *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam) ("[W]e hold that when ... a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631."); 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court . . . or an appeal . . . is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought . . . .").