UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
JOSEPH MCGRATH, : CASE NO. 1:11-CV-2023-JG
:
      Petitioner, :
: OPINION & ORDER
  v. : [Resolving Docs. 86, 91, 94, 95]
:
BENNIE KELLY, :
:
      Respondent. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In April 2012, Petitioner Joseph McGrath filed an Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.[1/] The Court denied McGrath's Petition.[2/] McGrath has moved three times to reconsider the decision and reopen his case, which the Court and the Sixth Circuit have denied.[3/] Undeterred, McGrath moves a fourth time for reconsideration, now saying that Respondent committed fraud by saying McGrath's ninth claim for relief had been procedurally defaulted. The Court **DENIES** McGrath's motion.

The Court detailed the facts of this case in its prior opinions.[4/] In May 2009, in two consolidated cases, a Cuyahoga County jury found McGrath guilty of three counts of menacing by

---

[1/]Doc. 9.
[2/]Doc. 61.
[3/]Doc. 64; Doc. 70; Doc. 79; Doc. 84; Doc. 85. McGrath's appeal from the Court's denial of his third motion is still pending in the Sixth Circuit. *See* Doc. 80.
[4/]*See, e.g.*, Doc. 60.

Case No. 1:11-CV-2023
Gwin, J.

stalking, two counts of violating a protection order, and one count of resisting arrest.[5/] McGrath lost his appeal to the Ohio Court of Appeals.[6/] Subsequent appeals in Ohio courts were denied as untimely, and those denials were the basis for the Court's finding that most of the claims in his habeas corpus petition—including ground nine, the only claim at issue in this motion—were procedurally defaulted.[7/]

Rule 60(b) establishes that, upon motion, "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding," for six specific reasons.[8/] Relevant here, Rule 60(b)(1) allows for relief from judgment based on "mistake" and Rule 60(b)(3) allows for relief from judgment for "fraud . . . , misrepresentation, or misconduct by an opposing party."[9/]

McGrath says Respondent committed fraud by arguing in opposition to McGrath's second motion for reconsideration that McGrath had procedurally defaulted his ninth claim.[10/] To obtain relief from judgment under Rule 60(b)(3), fraud must be established by clear and convincing evidence.[11/] McGrath has not met this burden. In the opposition brief at issue, Respondent summarized the procedural history that the Ohio Supreme Court had found McGrath's claim was untimely, and the Court thus found it procedurally defaulted.[12/] This is a correct statement of the background of the case. There was no misrepresentation by Respondent and absolutely no evidence of any attempted fraud. Furthermore, the Court is familiar with the facts and procedural history of McGrath's claims having handled his appeals for three years, and any mistake by Respondent in

---

[5/] Doc. 25 at 2.
[6/] Doc. 60 at 3-4.
[7/] *Id.* at 3-4, 10-15.
[8/] Fed. R. Civ. P. 60(b).
[9/] *Id.*
[10/] Doc. 86 at 2-3 (citing Doc. 66 at 2).
[11/] *E.g.*, *Crehore v. United States*, 253 F. App'x 547, 549-50 (6th Cir. 2007); *see also* Wright & Miller, 11 Fed. Prac. & Proc. Civ. § 2860 (3d ed. 2014).
[12/] *See* Doc. 65 at 2.

Case No. 1:11-CV-2023-JG
Gwin, J.

describing the background of the case would not have affected the Court's decision.

In the alternative, McGrath argues that even without fraud by Respondent, the Court was incorrect when it held McGrath's ninth claim procedurally defaulted.[13] McGrath has already litigated this issue, including taking an appeal to the Sixth Circuit, and has lost.[14] In rejecting his successive habeas petition, the Sixth Circuit held that "[j]urists of reason would not debate the dismissal of ground nine."[15] McGrath presents no new facts or new developments in the law that would change this conclusion. As such, there is no basis for relief from judgment based on mistake under Rule 60(b)(1).

For the above reasons, McGrath's motion for relief from judgment and reopening his case is **DENIED**. McGrath's related motions are **DENIED** as moot.[16]

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and no basis exists upon which to issue a certificate of appealability.[17]

IT IS SO ORDERED.


Dated: October 3, 2014               s/     *James S. Gwin*
                                     JAMES S. GWIN
                                     UNITED STATES DISTRICT JUDGE

---

[13] Doc. 86 at 3-4, 7-11.
[14] *See* Doc. 84 at 3.
[15] *Id.*
[16] *See* Doc. 91 (motion for stay of sentence and bond pending resolution of motion for reconsideration and reopening); Doc. 94 (motion for leave to supplement brief and reply to Respondent's opposition to motion for stay of sentence and bond); Doc. 95 (motion to supplement authorities cited in motion for reconsideration and reopening).
[17] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).